[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON UNION CARBIDE COATING SERVICE CORPORATION'SMOTION TO INTERVENE
The issue presented by this motion to intervene, pursuant to the Connecticut Workers Compensation Act, is whether the Act which repealed Connecticut General Statutes § 52-572r, which barred employers from intervening in product liability actions brought by employees, is to be applied retrospectively or prospectively.
FACTUAL BACKGROUND
The plaintiffs in this action, Steven and Sylvia Johnson, have brought this products liability action in a fourteen count complaint filed December 30, 1991 against several named defendants. The plaintiffs are trying to recover for injuries incurred while using the defendants' product, tungsten carbide 9-cobalt, in the course of the plaintiff Steven Johnson's work as an employee of Union Carbide Coating Service (UCCS). The defendants responded by filing an amended answer and five special defenses on July 9, 1992, generally denying any liability on behalf of all the defendants.
On February 22, 1995, UCCS filed a "Motion To Intervene Union Carbide Coating Service Corporation As Co-Plaintiff And To File Intervening Complaint" which is the motion presently before the court. UCCS seeks to intervene as co-plaintiff in the action to recover money paid out for Johnson's injuries pursuant to the Connecticut workers' compensation laws. The plaintiffs filed an objection to UCCS's motion to intervene on March 2, 1995, and a supplemental objection on March 7, 1995. UCCS filed a memorandum in support of their motion to intervene on March 17, 1995. The parties argued their motions at short calendar on March 20, 1995. CT Page 7077
LEGAL DISCUSSION
General Statutes § 52-572r(c) provided that no employer "shall have any lien upon any judgment received in a product liability claim, or any right of subrogation if the claim against the third party is a product liability claim." This statute was repealed by Public Act 93-228, § 34, which simply stated that "Section 52-572r
of the general statutes is repealed."
The plaintiffs argue that General Statutes § 52-572r expressly precludes UCCS from intervening in this action. The plaintiffs maintain that this is a product liability claim brought pursuant to General Statutes § 52-572n, et seq., and therefore UCCS is clearly prohibited by the terms of General Statutes § 52-572r from intervening in the claim. In their supplemental objection to the motion to intervene, the plaintiffs note that Public Act 93-228, § 34 repealed § 52-572r(c). The plaintiffs also maintain that P.A. 93-228 affected substantive rights. They further argue that because the legislature did not intend the act to be applied retrospectively, it should only be applied prospectively. For these reasons, the plaintiffs argue that the UCCS's motion to intervene should be denied.
UCCS maintains that the plaintiffs' objections should be overruled. First, UCCS argues that General Statutes § 52-572r does not prevent an employer from intervening as a third party plaintiff in a product liability action. It claims that 52-572r applies retroactively, therefore, this action is not barred by statute. Alternatively, UCCS argues that the rights in this action are procedural, and the rights do not vest until a judgment has entered. Second, UCCS contends that 52-572r does not prevent a third party plaintiff from intervening in a product liability action. It argues that General Statutes § 52-572r affects the right to subrogation, it does not affect the right to intervention. Therefore, UCCS argues that the motion to intervene should be granted.
Two Connecticut Superior Court cases have dealt with the issue before the court in the present action: How does the repealing of General Statutes § 52-572r affect an employer's right to intervene in a case brought before the statute was repealed. Both cases have discussed whether the repeal of the statute applies retroactively or prospectively, and have found that it applies prospectively.
In Merry v. City of Norwalk, 13 Conn. Law Rptr. 131 (December CT Page 7078 2, 1994, McGrath, J.), the court considered a motion to strike an intervening complaint brought pursuant to General Statutes § 52-572r. Relying on Miano v. Thorne, 218 Conn. 170 (1991), the court emphasized that "As a general proposition, legislation that affects only matters of procedure is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. On the other hand, there is a presumption that statutes affecting substantive rights shall apply prospectively only. This presumption is rebutted only when the legislature clearly and unequivocally expresses its intent that the legislation shall apply retro-spectively." (Citations Omitted) (Internal quotations omitted) Id. Additionally, the court found that "[t]he repeal of General Statutes 52-572r(c) affects the substantive rights of litigants. . . . Since the repeal of General Statutes § 52-572r(c) affects substantive rights and the legislature has not expressed an intent to apply the repeal retrospectively, it is clear that the repeal does not affect the present action." Id.
In Way v. Sears, Roebuck Company, 10 Conn. L. Rptr. 288
(Oct. 25, 1993, Austin, J.), the plaintiff's employer tried to intervene to collect money paid as a result of the plaintiff's injuries. In its decision denying the motion to intervene, the court found that the "repeal of General Statutes 52-572r(c) affects the substantive rights of litigants. . . . New legislation which affects the substantive rights of parties is applied retroactively only when the legislature `unequivocally declares the new legislation is to be given retroactive effect.' There is no language in Public Act 93-228 to indicate that the legislature intended this Act to have retroactive effect, therefore it is not controlling." (Citations omitted). Id., 289.
In the present action, the motion to intervene by UCCS will be denied on the ground that the intervening plaintiff is barred by General Statutes § 52-572r from intervening in a products liability action. P.A. 93-228 did repeal that statute, but did not repeal the statute retroactively. The courts in Merry and Way, both considering a similar fact pattern to this action, found that the repeal applied prospectively, and that an employer may not intervene in the action. Likewise, absent legislative intent to the contrary, this court will find that the repeal of General Statutes § 52-572r applies prospectively. Accordingly, the objections to the motion to intervene must be sustained and the motion to intervene must be denied.
CONCLUSION
CT Page 7079
Based on the foregoing, Union Carbide Coating Service Corporation's Motion To Intervene (#127) is denied; Plaintiff's Objection (#128) and Plaintiff's Supplemental Objection To Union Carbide Coating Service Corporation's Motion To Intervene (#129) are sustained.
So ordered.
Michael Hartmere Judge of the Superior Court